■ ANTHONY Coss, Respondent, v SUNNYDALE FARMS, INC., et al., Appellants, et al., Defendant. [702 NYS2d 349] —In an action to recover damages for personal injuries, (1) the defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (Barron, J.), dated October 23, 1998, which granted the plaintiff's motion to restore the case to the trial calendar, and (2) the defendant Brooklyn Union Gas Company, and the defendants Sunnydale Farms, Inc., and Michael Osiecki separately appeal from an order of the same court, also dated October 23, 1998, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from the order restoring the plaintiff's case to the trial calendar is dismissed as abandoned; and it is further,

Ordered that the order denying the appellants' respective motions for summary judgment is reversed, on the law, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiff was injured when the vehicle he was operating crossed a double yellow line and collided with a truck owned by the defendant Sunnydale Farms, Inc., and driven by the defendant Michael Osiecki. The plaintiff apparently crossed the double yellow line in order to avoid striking a vehicle that was double-parked beside a vehicle owned by the defendant Brooklyn Union Gas Company which was parked at the curb.

It is axiomatic that a driver is not required to anticipate that a motor vehicle traveling in the opposite direction will cross over into oncoming traffic (*see, Bentley v Moore,* 251 AD2d 612). Therefore, based upon the facts presented and by the applica-

tion of the emergency doctrine, the defendants Michael Osiecki and Sunnydale Farms, Inc., are entitled to judgment as a matter of law. Additionally, there is no evidence to support a finding of negligence on the part of the defendant Brooklyn Union Gas Company, whose vehicle was lawfully parked at the time of the accident (*see, Wang v Alexander's Dept. Store,* 247 AD2d 467). Accordingly, the appellants' respective motions for summary judgment are granted and the complaint and all cross claims are dismissed insofar as asserted against them (*see, Zuckerman v City of New York,* 49 NY2d 557). Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.