■ KAREN C. SIEREDZINSKI, Appellant, v DEANNE H. MCELROY, Defendant, and JOSEPH E. TOSETTI et al., Respondents. [756 NYS2d 761] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated April 4, 2002, as granted that branch of the motion of defendants Joseph E. Tosetti and Truss-Tech, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when a vehicle driven by the defendant Deanne H. McElroy struck the passenger side of the vehicle operated by the plaintiff. According to the plaintiff, a tractor trailer owned by the defendant Truss-Tech., Inc. (hereinafter Truss-Tech), and operated by its employee, the defendant Joseph E. Tosetti, obstructed her view and McElroy's vision. The evidence established that the tractor trailer had been legally parked adjacent to a bank parking lot from which McElroy had exited. The plaintiff commenced the instant action against McElroy, Tosetti, and Truss-Tech. Thereafter, Tosetti and Truss-Tech moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted that branch of their motion.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendants Tosetti and Truss-Tech which was for summary judgment dismissing the complaint insofar as asserted against them. The movants made a prima facie showing of entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). While owners of improperly-parked vehicles may be held liable to plaintiffs injured by negligent drivers of other vehicles (*see Reuter v Rodgers*, 232 AD2d 619, 620 [1996]; *see also Ferrer v Harris*, 55 NY2d 285 [1982], *amended* 56 NY2d 737 [1982]; *Boehm v Telfer*, 250 AD2d 975, 976 [1998]), here, there was no evidence to support a finding of negligence on the part of the moving defendants, whose tractor trailer was legally parked at the time of the accident (*see Coss v Sunnydale Farms*, 268 AD2d 499, 500 [2000]). Ritter, J.P., S. Miller, H. Miller and Cozier, JJ., concur.