■ MARY ANN KOZIOL, Respondent, v THANE C. WRIGHT et al., Appellants, and JESSICA KOZIOL, Respondent. [809 NYS2d 350]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered February 15, 2005. The judgment, entered upon a jury verdict, adjudged, among other things, that defendant Thane C. Wright was negligent and that such negligence was a substantial factor in causing the motor vehicle accident at issue.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle in which she was a passenger collided with a truck and trailer operated by defendant Thane C. Wright (Wright) and owned by defendant Tammy J. Wright (collectively, defendants). Plaintiff's daughter, defendant Jessica Koziol (Koziol), was driving the vehicle in which plaintiff was a passenger. At the time of the accident, Koziol was attempting to pass Wright's truck, but Wright was about to make a left-hand turn. The accident occurred when Koziol swerved to avoid Wright's truck and trailer and struck a utility pole. It is undisputed that the trailer attached to the truck had no operational directional signals or taillights. Wright testified at trial, however, that he signaled the turn by using a hand signal and by activating the truck's directional signals. Following a bifurcated trial on the issues of negligence and proximate cause, the jury found that Wright was 75% at fault and that Koziol was 25% at fault.

Contrary to defendants' contention, we conclude that Supreme Court's "charge as a whole adequately conveyed the proper legal principles" (*Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]; *see Phillips v United Artists Communications*, 201 AD2d 634, 635 [1994]). The court properly determined that Vehicle and Traffic

Law § 375 (18) and § 1164 (a) did not apply to this case and properly excluded an irrelevant reference to motorcycles when instructing the jury with respect to Vehicle and Traffic Law § 376 (1) (a). We reject the further contention of defendants that the court erred in refusing to charge the jury that, if it found that defendants violated the Vehicle and Traffic Law and that such violation was a proximate cause of the accident, then such a violation constitutes negligence. "[I]t is well settled that 'a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence *per se*' " (*Devoe v Kaplan*, 278 AD2d 734, 735 [2000], quoting *Holleman v Miner*, 267 AD2d 867, 868-869 [1999]; *see Hellenbrecht v Radeker*, 309 AD2d 834, 835 [2003]), and it is equally well settled that negligence and proximate cause are separate elements of liability (*see Sheehan v City of New York*, 40 NY2d 496, 501 [1976]; *Swauger v White*, 1 AD3d 918, 920 [2003]; *see also* 1A NY PJI3d 205 [2006]).

Finally, we conclude that the challenged comments by plaintiff's attorney during his summation were fair comment on the evidence and were made in direct response to defendants' theory and the summation by defendants' attorney (*see Dailey v Keith*, 306 AD2d 815, 816 [2003], *affd* 1 NY3d 586 [2004]; *Freeman v Kirkland*, 184 AD2d 331, 332 [1992]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.