[841 NYS2d 477]

Rosa Ramos Alamo, as Administratrix of the Estate of Anibal Alamo, Deceased, et al., Respondents, v Eric A. McDaniel et al., Appellants, et al., Defendants.

First Department, August 9, 2007

### APPEARANCES OF COUNSEL

*Saretsky, Katz, Dranoff & Glass, L.L.P.*, New York City (*Elan Raday* and *Howard J. Newman* of counsel), for appellants.

*Jacob Oresky & Associates, PLLC*, Bronx (*Maxine S. Silverman* and *Jacob Oresky* of counsel), for respondents.

### OPINION OF THE COURT

SULLIVAN, J.

At the time of the accident described herein, the decedent was standing on the northwest corner of the intersection of 169th Street and Park Avenue. Defendant Brandon, an employee of defendant The Lord's Church Family Worship Center, was driving a van, owned by defendant McDaniel, in the left lane on Park Avenue in the Bronx. Park Avenue is a one-way northbound street with two lanes. Defendant Chaudhry, in a van, was also driving on Park Avenue, in the right lane, virtually parallel to the Brandon vehicle as they approached the intersection of 169th Street, a one-way westbound street. The two vehicles reached the intersection at approximately the same time, but with Brandon's vehicle a "little behind" Chaudhry's. As they entered the intersection, with a green light in their favor, a vehicle owned by defendant Hillary, alleged to have been stolen

and driven westbound on 169th Street by an unknown driver who fled the scene, ran the red light and entered the intersection. The only witnesses able to provide an account of the accident are Brandon and Chaudhry.

According to Chaudhry, as he was about one car length from entering the intersection, traveling between 15 and 20 miles per hour, he observed the Hillary vehicle running the light, coming from his right. He slammed on his brakes and skidded, coming to a stop in the middle of the intersection. The Hillary vehicle then passed in front of Chaudhry's van and hit the front of Brandon's van, causing that vehicle to careen to the left and hit a light pole on the northwest corner of 169th Street. Standing near the pole, decedent sustained injuries from which he later died. Only after the Brandon and Hillary vehicles collided did the Hillary vehicle then spin and hit Chaudhry's van.

According to Brandon, he approached the intersection at approximately 30 miles per hour, parallel to the Chaudhry van to his right, with the green light in his favor, and he reached the intersection at the same time as the Chaudhry vehicle. Brandon first saw the Hillary vehicle, which ran the red light from his right at 30 to 35 miles per hour, as he entered the intersection. Brandon caught a glimpse of the Hillary vehicle when it was halfway into the intersection, just before it hit the Chaudhry van, which then hit his van, causing it to careen to the left into the pole at the corner of 169th Street and Park Avenue. As Brandon recalled, the accident happened so quickly that he did not have time to apply his brakes. He explained that there was "nothing I could do at that point."

The decedent's estate commenced the instant action against Brandon, the Church, McDaniel and Chaudhry, as well as Hillary, who apparently has settled. After joinder of issue and the taking of discovery, the Brandon defendants and Chaudhry moved and cross-moved, respectively, for summary judgment, arguing that under the emergency doctrine there is no evidence of any negligence on their part and that plaintiffs should be collaterally estopped from relitigating the issue of liability because at a Department of Motor Vehicles (DMV) hearing the Administrative Law Judge (ALJ) found that the "weight of available evidence fails to establish any violation of law on the part of either (Brandon or Chaudhry) which was a contributory cause of the accident." Supreme Court denied the motions, stating that "there is no evidence that [Brandon] took the reasonable

precaution of looking to his left[*] before he entered the intersection or that his view in that direction was somehow obstructed," quoting *Walker v Dartmouth Plan Leasing Corp.* (180 AD2d 952, 954 [1992]). The court applied the same reasoning to Chaudhry. These conclusions were erroneous.

At the outset, we note that although Chaudhry filed a separate notice of cross appeal, he has not filed a brief in this matter (*compare Sharp v Stavisky*, 221 AD2d 216, 217 [1995], *lv dismissed* 87 NY2d 968 [1996]). Plaintiffs, however, do not direct any of their arguments against Chaudhry, limiting their arguments to Brandon's alleged negligence. Since, on this record, plaintiffs have no case against either of the defendant drivers, we grant summary judgment to all of the moving defendants.

It is well settled that although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact, in appropriate circumstances these issues may be determined as a matter of law (*see Gajjar v Shah*, 31 AD3d 377 [2006]; *Berner v Koegel*, 31 AD3d 591 [2006]). The emergency doctrine holds that

"when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]).

Faced with an emergency situation, a party "cannot be expected to adhere to the same accuracy of judgment as someone who has had the full opportunity to reflect" (*Caban v Vega*, 226 AD2d 109, 111 [1996]).

Under either version of the accident, as testified to by sole witnesses Brandon and Chaudhry in their depositions and DMV testimony, each was faced with a sudden and unexpected circumstance not of his own making—the Hillary vehicle speeding through a red light—that left him with virtually no time for reflection as to how to avoid a collision. The only difference in the respective versions, a slight one at that, has to do with whether the Brandon or Chaudhry vehicle was the first to be

---

* The court quoted the precise language of *Walker*, even to the extent of using the word "left" when the word "right" was obviously intended.

struck by the Hillary station wagon. The difference in no way affects the analysis as to the application of the emergency doctrine.

The key to the motion court's erroneous determination was its ruling that Brandon failed to look in the direction of the offending vehicle before entering the intersection. Such a ruling ignores the testimony of Chaudhry that the Brandon vehicle was a "little behind" his vehicle, thus obstructing Brandon's view of the Hillary vehicle approaching from his right. As even the court acknowledged, Brandon testified that both he and Chaudhry "reached the intersection . . . at the same time," and Chaudhry testified that Brandon "was traveling almost parallel but a 'little behind' " his vehicle. It is undisputed that Brandon's vehicle was to the left of the Chaudhry vehicle. By either account, Brandon's field of vision was obstructed by the Chaudhry vehicle. Thus, *Walker*, upon which the motion court relied for its determination that Brandon failed to look in the direction from which the Hillary vehicle was approaching, offers no support, given the facts of this case.

Moreover, contrary to the motion court's apparent view of a driver's responsibility, Brandon was not required to anticipate that the operator of the Hillary vehicle would drive through a red light at 30 to 35 miles per hour (*see e.g. Saraniti v Brody Truck Rental,* 269 AD2d 586, 586 [2000], *lv dismissed* 95 NY2d 820 [2000] [driver "not required to anticipate" car traveling in opposite direction, after being sideswiped, would cross over into oncoming traffic]). A driver should no more be required to anticipate a vehicle being driven through a red light than he is required to anticipate an automobile crossing over a double yellow line and into oncoming traffic (*see Coss v Sunnydale Farms,* 268 AD2d 499 [2000]; *Benedetto v City of New York,* 166 AD2d 209 [1990]).

▆ The complaint should also be dismissed because plaintiffs are collaterally estopped from relitigating the issue of liability. Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits (*Ryan v New York Tel. Co.,* 62 NY2d 494 [1984]; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481 [1979]).

Collateral estoppel is equally applicable to confer conclusive effect to the quasi-judicial determination of an administrative

agency (*see Ryan,* 62 NY2d at 499). While the proponent of collateral estoppel has the burden of demonstrating that the issue in question is identical and decisive, it is the opponent's burden to show the absence of a full and fair opportunity to litigate the issue in the prior determination (*id.* at 501).

Collateral estoppel is proper here because (1) the issue before the ALJ of whether defendants were responsible for the accident is identical to the issue before the motion court and this Court, (2) the issue was fully litigated in the DMV hearing and fully decided, (3) plaintiffs had a full and fair opportunity to litigate the issue of liability at the hearing, and (4) pursuant to Vehicle and Traffic Law § 510, the issue litigated was necessary to support the DMV determination.

After hearing extensive testimony from both Brandon and Chaudhry at the hearing in which plaintiffs' counsel participated, the ALJ held that the Hillary vehicle "disobeyed a red light and came into contact with at least one other vehicle," and the evidence "fails to establish any violation of law on the part of either [Brandon or Chaudhry] which was a contributory cause of the accident." Plaintiffs, whose burden it was, failed to demonstrate that they did not have a full and fair opportunity to litigate the issue of whether Brandon or Chaudhry was negligent. Plaintiffs' counsel was permitted to ask a multitude of questions of both Brandon and Chaudhry, as well as Hillary. Among the subjects inquired of Brandon were when he first saw the Hillary vehicle, where he was when he first saw it, and the specific timing of the accident. Counsel for plaintiffs also asked Brandon whether he had the opportunity to apply his brakes before the Hillary vehicle entered the intersection. Counsel also had a full and fair opportunity to question Chaudhry at the hearing. He questioned him as to the exact location of the vehicles in the intersection, and specifically as to when the traffic signals changed.

That the ALJ on occasion interjected and reformulated the question for the sake of clarity does not change the fact that counsel was permitted to ask any question he wished, whether within or beyond the scope of the hearing, and especially those questions related to whether Brandon or Chaudhry was responsible in any way for the accident. Moreover, plaintiffs' counsel never noted any objections on the record as to any failure to receive less than a full and fair opportunity to ask any questions related to the liability of Brandon and Chaudhry.

We have considered the other issues raised and find that they are without merit.

Accordingly, the order of the Supreme Court, Bronx County (Wilma Guzman, J.), entered May 26, 2006, which denied the motion of defendants McDaniel, Brandon and Lord's Church and the cross motion of defendant Chaudhry for summary judgment dismissing the complaint, should be reversed, on the law, without costs or disbursements, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

TOM, J.P., NARDELLI, GONZALEZ and MALONE, JJ., concur.

Order, Supreme Court, Bronx County, entered May 26, 2006, reversed, on the law, without costs or disbursements, and the motion of defendants Eric A. McDaniel, David L. Brandon and The Lord's Church Family Worship Center and the cross motion of Kharayat H. Chaudhry for summary judgment dismissing the complaint granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.