■ Azar Rahimi, Appellant, v Manhattan and Bronx Surface Transit Operating Authority et al., Respondents. [843 NYS2d 557]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 22, 2006, which, in an action for personal injuries sustained when the bus on which plaintiff was a passenger stopped abruptly, granted motions by defendant authorities, bus driver (collectively, the Transit Authority) and utility (Con Ed) for summary judgment dismissing plaintiff's negligence claims, and denied plaintiff's cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

Defendants adduced evidence that the bus was traveling north on First Avenue in the second lane of traffic from the eastern curb, and that Con Ed, which was working on a leaking underground feeder near 76th Street, had trucks parked in the first and third lanes, obstructing the bus driver's view to the left. As the bus approached the intersection of 76th Street, slowing to about 10 to 15 miles per hour, a Con Ed worker sitting in his truck in the third lane observed a car, traveling at high speed, cut in front of his truck, and then in front of the bus in the second lane, in an attempt to make a right turn onto 76th Street, but, apparently sensing danger, immediately veered back to the left, and continued up the avenue. A collision was avoided only because the bus abruptly stopped. The bus driver testified that a dark car "appeared out of nowhere" in front of him, no more than a yard away, causing him to slam on his brakes, which, he believes, avoided a collision. Plaintiff, who was standing in the aisle holding a seat handle, lost her balance, struck her head on the fare box, lost consciousness, and has no recollection of the incident. A Transit Authority internal investigation of the incident found that the bus driver failed to recognize the hazard.

Summary judgment was properly granted to the Transit Authority as the evidence established as a matter of law that the bus driver acted reasonably in an emergency not of his own making (*see Alamo v McDaniel*, 44 AD3d 149, 153 [2007]; *Ward v Cox*, 38 AD3d 313, 314 [2007]). It is uncontroverted that a car, attempting to make an improper right turn, cut in front and came within a yard of the bus at a high rate of speed, and that the bus driver stepped hard on his brakes to avoid a collision; and there is no evidence that the bus driver created the emergency or could have avoided a collision by taking some action other than stepping hard on his brakes (*see Brooks v New York City Tr. Auth.*, 19 AD3d 162 [2005]; *Hotkins v New York City Tr. Auth.*, 7 AD3d 474 [2004]; *see also Alamo* at 154 [2007]). Nor does

the Transit Authority's internal investigation avail plaintiff. The Transit Authority's rules requiring that its drivers anticipate that other drivers will violate the rules of the road impose a standard of care higher than the common law (*see Alamo* at 154 [2007]; *Ward*, 38 AD3d at 314), and therefore cannot be the basis for imposing liability on the Transit Authority (*see Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]). Plaintiff's expert opinion essentially reiterates the findings of the Transit Authority's internal investigation and is otherwise conclusory.

Summary judgment was also properly granted to Con Ed. While owners of improperly parked vehicles may be held liable to persons injured by negligent drivers of other vehicles, an owner of a legally parked vehicle cannot be held responsible for the actions of another driver (*see Sieredzinski v McElroy*, 303 AD2d 575 [2003]). Here, there is no evidence that Con Ed's vehicles were illegally parked. Nor is there evidence that the position of Con Ed's vehicles caused the car to swerve in front of the bus, or that the car's attempt to cross three lanes of traffic at a high rate of speed was induced by the lack of directional signs and/or flagmen.

We have considered plaintiff's other arguments, including that based on the *Noseworthy* doctrine, and find them unavailing (*see Rosado v Kulsakdinun*, 32 AD3d 282, 284 [2006]). Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.