◼ ANGELO LOPEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellants. [875 NYS2d 467]—

Judgment, Supreme Court, New York County (Donna M.

Mills, J.; Robert D. Lippmann, J., at jury trial), entered March 26, 2007, awarding plaintiff $2,100,000 for past pain and suffering and $5,600,000 for future pain and suffering, after adjustment to reflect the jury's apportionment of responsibility, unanimously modified, on the facts, to vacate the award for future pain and suffering and remand for a new trial on that issue only and otherwise affirmed, without costs, unless plaintiff, within 20 days of service of a copy of this order, stipulates to reduce the award for future pain and suffering, after apportionment, to $4,600,000 and to entry of an amended judgment in accordance therewith.

Plaintiff was riding his bicycle when it collided with a bus owned and operated by defendants. The jury's conclusion was based on a fair interpretation of the evidence that, when considered in a light most favorable to plaintiff, was legally sufficient to support the verdict (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). Great deference must be accorded to the fact-finding function of the jury, which had the opportunity to see and hear the witnesses and assess their credibility (see Soto v New York City Tr. Auth., 6 NY3d 487, 493 [2006]), as well as the weight it gave to conflicting expert testimony. The jury was justified in crediting the opinion of plaintiff's expert witness that notwithstanding plaintiff's own negligence, the driver of the bus was much more at fault for making no effort to avert the accident (id. at 492-493).

The court did not err in permitting the jury to hear that the driver had violated Transit Authority rules by not remaining at the scene of the accident. Although an agency's internal rules and practices are inadmissible when they require a standard of care transcending that imposed by common law (see Rahimi v Manhattan & Bronx Surface Tr. Operating Auth., 43 AD3d 802, 804 [2007]), the bulletin at issue merely declared that incidents involving injury or vehicle damage must be reported as soon as possible, which is no more than what is required under common law (see Danbois v New York Cent. R.R. Co., 12 NY2d 234, 240 [1963]). Indeed, the jury was not informed that the Transit Authority had found the driver to be at fault, but was instead accurately advised that he continued without stopping for five blocks after the event.

The amount of damages awarded plaintiff for future pain and suffering deviates materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Freedman, JJ.