State Farm Mut. Auto. Ins. Co. v Novellino (2019 NY Slip Op 07634)





State Farm Mut. Auto. Ins. Co. v Novellino


2019 NY Slip Op 07634


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-05099
 (Index No. 0173/17)

[*1]State Farm Mutual Automobile Insurance Company, etc., respondent, 
v
Karen Novellino, appellant.


Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Amanda A. Aiello of counsel), for appellant.



DECISION & ORDER
In a subrogation action to recover certain damages paid by the plaintiff to its insured, the defendant appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered November 27, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, without costs or disbursements.
It is undisputed that a vehicle operated by the defendant struck a parked vehicle. At the time of the accident, the parked vehicle was registered to the subrogor and insured with the plaintiff subrogee. The parked vehicle, in turn, struck a parked tow truck/flat bed in front of it, which was registered to a nonparty, and then struck a curb.
The plaintiff subrogee thereafter commenced the instant subrogation action to recover certain damages paid by it to the subrogor, its insured, as a result of the accident, alleging that the defendant was negligent in the happening of that accident. After joinder of issue, and before any depositions had been taken, the plaintiff subrogee moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
Contrary to the defendant's contention, the evidence submitted in support of the plaintiff subrogee's motion established its prima facie entitlement to judgment as a matter of law on the issue of liability. The plaintiff subrogee demonstrated that the defendant's vehicle struck the subrogor's legally parked vehicle, and that the defendant's negligence was a proximate cause of the accident (see Sieredzinski v McElroy, 303 AD2d 575, 576; Utica Natl. Ins. Co. of Tex. v Clennan, 43 Misc 3d 140[A], 2014 NY Slip Op 50806 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see also Rodriguez v City of New York, 31 NY3d 312). In opposition, the defendant failed to provide a nonnegligent explanation for the collision into the subrogor's parked vehicle, or evidence sufficient to demonstrate that anyone else was the sole proximate cause of the accident, even if the subrogor's vehicle was allegedly illegally parked.
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff subrogee's motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court