Mims v Hobbs (2021 NY Slip Op 01040)





Mims v Hobbs


2021 NY Slip Op 01040


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-08324
 (Index No. 502698/17)

[*1]Willie Mims, respondent, 
v
Riley R. Hobbs, appellant.


Newman Law Associates PLLC, New York, NY (Jon E. Newman of counsel), for appellant.
Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 20, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant to recover damages that he allegedly sustained on November 16, 2016, when the defendant's vehicle, which was backing out from an outdoor parking lot, struck the plaintiff as he was walking on a sidewalk in Brooklyn. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The defendant appeals.
The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating, prima facie, that the defendant was negligent in the operation of his vehicle in striking him (see genreally Rodriguez v City of New York, 31 NY3d 312). In opposition, the defendant submitted an affidavit which was insufficient to defeat the plaintiff's motion (see Zhu v Natale, 131 AD3d 607; Nieves v JHH Transp., LLC, 40 AD3d 1060).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court