Lowes v Anas (2021 NY Slip Op 03973)





Lowes v Anas


2021 NY Slip Op 03973


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


968 CA 20-00431

[*1]JAMES C. LOWES, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF SUSAN R. LOWES, DECEASED, PLAINTIFF-RESPONDENT,
v
ALEXANDROS ANAS AND TINA COLAIZZO-ANAS, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROCHELLE LAWLESS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BURDEN, HAFNER & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered September 17, 2019. The order granted the motion of plaintiff for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff, individually and as the administrator of the estate of Susan R. Lowes (decedent), commenced this personal injury and wrongful death action, arising from an incident in which decedent was struck and knocked down, then run over, by a vehicle operated by Tina Colaizzo-Anas (defendant) and owned by Alexandros Anas (collectively, defendants), as decedent walked across Maple Road at an intersection in the Town of Amherst. In appeal No. 1, defendants appeal from an order granting plaintiff's motion for partial summary judgment on the issue of liability. In appeal No. 2, defendants appeal from a subsequent order insofar as it denied that part of their motion seeking leave to renew their opposition to plaintiff's motion for partial summary judgment. We affirm in each appeal.
With respect to appeal No. 1, we reject defendants' initial contention that further discovery was necessary and that Supreme Court thus should have denied plaintiff's motion as premature. "[A] party opposing summary judgment on the ground that additional discovery is needed must 'demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant' " (Bratge v Simons, 173 AD3d 1623, 1624 [4th Dept 2019]; see CPLR 3212 [f]; Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1097 [4th Dept 2018]; see generally Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014]). The motion will not be denied based on "mere speculation or conjecture" that discovery would assist in raising a triable issue of fact (Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1493 [4th Dept 2019]; see Resetarits Constr. Corp., 118 AD3d at 1456). Here, we conclude that defendants presented no more than the " 'mere hope' that further [discovery] would disclose evidence" essential to oppose the motion (Boyle v Caledonia-Mumford Cent. Sch., 140 AD3d 1619, 1621 [4th Dept 2016], lv denied 28 NY3d 905 [2016]; see Bratge, 173 AD3d at 1624), and thus they failed to demonstrate that the motion should have been denied on that basis.
We reject the further contention of defendants in appeal No. 1 that the court erred in applying the doctrine of collateral estoppel in granting plaintiff's motion. Before plaintiff commenced this action, a Department of Motor Vehicles (DMV) fatality hearing (DMV hearing) [*2]was held before an administrative law judge (ALJ). Defendant appeared at the DMV hearing with counsel, who cross-examined all of the testifying witnesses, but defendant did not testify and a negative inference was drawn against her (see 15 NYCRR 127.5 [b]). At the conclusion of the DMV hearing, the ALJ determined that defendant violated Vehicle and Traffic Law § 1146 (a), which requires drivers to " 'exercise due care to avoid colliding with any . . . pedestrian,' " and directed the DMV to suspend her license.
"Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits . . . Collateral estoppel is equally applicable to confer conclusive effect to the quasi-judicial determination of an administrative agency . . . While the proponent of collateral estoppel has the burden of demonstrating that the issue in question is identical and decisive, it is the opponent's burden to show the absence of a full and fair opportunity to litigate the issue in the prior determination" (Alamo v McDaniel, 44 AD3d 149, 153-154 [1st Dept 2007]). Under the circumstances presented, plaintiff was required to establish that the issue whether defendant was negligent, i.e., whether she violated a driver's well-settled "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Byrne v Calogero, 96 AD3d 704, 705 [2d Dept 2012]; see Deering v Deering, 134 AD3d 1497, 1499 [4th Dept 2015]), was identical to the issue at the DMV hearing, i.e., whether defendant violated Vehicle and Traffic Law § 1146 (a) by failing to "exercise due care to avoid" the collision (id.). We agree with plaintiff that he met that burden (see generally Jeffreys v Griffin, 1 NY3d 34, 41 [2003]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 350 [1999]). Plaintiff also established that defendant litigated that issue, that the ALJ determined that defendant violated the statute, and that the ALJ's conclusion was necessary to his final determination at the DMV hearing (see Alamo, 44 AD3d at 154). In opposition, defendants failed to show the absence of a full and fair opportunity to litigate this issue. Defendant was represented at the DMV hearing by counsel, who thoroughly cross-examined all of the witnesses. The ALJ took testimony from several eye witnesses and from a Town of Amherst Police Investigator who responded to and investigated the accident. Defense counsel was also given the opportunity to call witnesses and was permitted to submit a written closing statement. Defense counsel "never noted any objections on the record as to any failure to receive . . . a full and fair opportunity to ask any questions" or otherwise participate in the DMV hearing (id.). Consequently, we conclude that defendants are collaterally estopped from relitigating the issue of whether defendant violated Vehicle and Traffic Law § 1146 (a) (see Alamo, 44 AD3d at 154; cf. Curtin v Curtin, 244 AD2d 927, 927-928 [4th Dept 1997]).
We similarly reject defendants' related contention in appeal No. 1 that the court erred in determining that defendant was negligent as a matter of law. "[A] defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Koziol v Wright, 26 AD3d 793, 794 [4th Dept 2006] [internal quotation marks omitted]), and here, plaintiff met his initial burden on the motion by submitting evidence of an unexcused statutory violation. Contrary to defendants' contention, the evidence they submitted in opposition to the motion failed to raise a triable issue of fact with respect to defendant's negligence (see Kowalyk v Wal-Mart Stores, Inc., 187 AD3d 1539, 1540 [4th Dept 2020]; Amerman v Reeves, 148 AD3d 1632, 1633 [4th Dept 2017]). We note in particular that defendant did not submit an affidavit setting forth her version of how the accident occurred (see Cavitch v Mateo, 58 AD3d 592, 593 [2d Dept 2009]), nor did defendants submit any other admissible evidence that would provide a nonnegligent explanation for the impact (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737 [2d Dept 2007]).
We reject defendants' final contention in appeal No. 1 that the court erred insofar as it concluded that plaintiff met his initial burden on the motion of establishing that defendant's negligence was a proximate cause of decedent's injuries. In support of his motion, plaintiff submitted evidence, including the ALJ's finding discussed above, witness statements, and a police accident report that included the summary and conclusions of the accident reconstruction. That evidence established that defendant initially struck decedent with the middle of the front of defendants' SUV as decedent crossed the street at a green light—albeit not in a marked crosswalk, as the dissent notes—then ran over decedent with the vehicle's front and back wheels before stopping a short distance further down the road. Based on that evidence, plaintiff sought partial summary judgment on the issue of liability.
We respectfully disagree with the dissent that the evidence submitted by plaintiff failed to establish proximate causation. The only facts that defendants cite for the proposition that plaintiff failed to meet his burden arise from decedent's actions, i.e., crossing outside a marked crosswalk and wearing dark clothing as daylight faded. The Court of Appeals has made clear, however, "that a plaintiff's comparative negligence is no longer a complete defense and its absence need not be pleaded and proved by the plaintiff, but rather is only relevant to the mitigation of plaintiff's damages" (Rodriguez v City of New York, 31 NY3d 312, 321 [2018]). Thus, "to obtain partial summary judgment on defendant's liability[, a plaintiff] does not have to demonstrate the absence of his [or her] own comparative fault" (id. at 323; see Dunn v Covanta Niagara I, LLC [appeal No. 1], 181 AD3d 1340, 1340 [4th Dept 2020]).
In accordance with Rodriguez, plaintiff was therefore not required to establish that decedent was not negligent, rather he was required to demonstrate that defendant was negligent and that such negligence was a proximate cause of decedent's injuries (see Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014 [2d Dept 2020]; Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]). Here, we conclude that, in addition to demonstrating that defendants are collaterally estopped from contending that defendant was not negligent, "plaintiff[] established [his] prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence that the defendant driver never saw [decedent] before striking her" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790 [2d Dept 2019]; see Cioffi v S.M. Foods, Inc., 178 AD3d 1006, 1009-1010 [2d Dept 2019]; cf. Carnevale v Bommer, 175 AD3d 881, 881-882 [4th Dept 2019]). Consequently, we respectfully disagree with the dissent's assertion that plaintiff's failure to spend any significant time arguing proximate causation requires denial of his motion. By submitting the evidence described above, which is sufficient to establish proximate cause (see e.g. Higashi, 176 AD3d at 789-790; Outar v Sumner, 164 AD3d 1356, 1357 [2d Dept 2018]), plaintiff met his burden regardless of the amount of detail contained in his argument in support of his motion.
Further, we note that the Vehicle and Traffic Law provides that, when a driver causes serious physical injury while failing to exercise due care to avoid colliding with a pedestrian in violation of section 1146 (a), "then there shall be a rebuttable presumption that, as a result of such failure to exercise due care, such person operated the motor vehicle in a manner that caused such serious physical injury"
(§ 1146 [c] [2]). Here, however, that subdivision was not "raised by [plaintiff] in the[ ] motion [or] briefed by the parties" (Wright v Meyers & Spencer, LLP, 46 AD3d 805, 805 [2d Dept 2007]), and we decline to affirm the order on a ground that was neither raised below nor pursued on appeal (see generally McHale v Anthony, 41 AD3d 265, 266-267 [1st Dept 2007]).
Contrary to defendants' contention in appeal No. 2, we conclude that the court did not abuse its discretion in denying that part of their motion for leave to renew their opposition to plaintiff's motion (see Ives Hill Country Club, Inc. v City of Watertown, 185 AD3d 1494, 1497 [4th Dept 2020]; Hamilton Equity Group, LLC v Hector A. Marichal, P.C., 174 AD3d 1517, 1518 [4th Dept 2019], lv dismissed in part and denied in part 35 NY3d 999 [2020]).
All concur except DeJoseph, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent insofar as the majority concludes in appeal No. 1 that Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on the issue of proximate cause.
Negligence and proximate cause are separate elements of liability (see Koziol v Wright, 26 AD3d 793, 794 [4th Dept 2006]), and a finding of negligence does not necessarily lead to the conclusion that the actions of the negligent party were a proximate cause of the accident (see Burghardt v Cmaylo, 40 AD3d 568, 569 [2d Dept 2007]). Here, in moving for partial summary judgment on the issue of liability, plaintiff addressed the element of negligence but did not address the separate and distinct element of proximate cause, and therefore I must conclude that plaintiff failed to meet his initial burden on the motion with respect to that element (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Notably, plaintiff made no mention of the phrase proximate cause in his moving papers. Inasmuch as plaintiff failed to meet his initial burden on the motion with respect to proximate cause, there should be no need to consider the sufficiency of defendants' opposing papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Even assuming, arguendo, that the majority is correct that the issue of proximate cause was raised by plaintiff and that plaintiff met his burden with respect to that element, I conclude that defendants raised a triable issue of fact in opposition. Defendants presented evidence that plaintiff's decedent was crossing Maple Road outside of a designated crosswalk, at dusk, with headphones and dark clothing on and without looking for oncoming traffic. On those facts, defendants contend that decedent violated Vehicle and Traffic Law
§ 1152 (a). Consequently, even though defendants were negligent as a matter of law based on an unexcused violation of Vehicle and Traffic Law § 1146 (a), on this record, a jury could find that decedent's actions were the sole proximate cause of the accident (see Balliet v North Amityville Fire Dept., 133 AD3d 559, 560 [2d Dept 2015]; Amorosi v Hubbard, 124 AD3d 1354, 1356 [4th Dept 2015]; Briccio v Disbrow, 212 AD2d 565, 566 [2d Dept 1995]; see generally Carnevale v Bommer, 175 AD3d 881, 881-882 [4th Dept 2019]; Amerman v Reeves, 148 AD3d 1632, 1633-1634 [4th Dept 2017]).
My conclusion does not run afoul of Rodriguez v City of New York (31 NY3d 312 [2018]), which clearly held that a plaintiff does not have the "double burden" to demonstrate the absence of his or her own comparative fault (id. at 324). But Rodriguez did not eliminate a defendant's sole proximate cause contention. In reaching its conclusion, the Court stated that "comparative negligence is not a defense to the cause of action of negligence, because it is not a defense to any element (duty, breach, causation) of plaintiff's prima facie cause of action for negligence, and as CPLR 1411 plainly states, is not a bar to plaintiff's recovery, but rather a diminishment of the amount of damages" (id. at 320). Sole proximate cause, however, is a defense to an essential element of negligence, i.e., causation. In Rodriguez, the Court of Appeals did not alter the well settled principle that, "[t]hough negligence and proximate cause frequently overlap in the proof and theory which support each of them, they are not the same conceptually. Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint . . . Furthermore, proximate cause is no less essential an element of liability because the negligence charged is premised in part or in whole on a claim that a statute or ordinance, here a traffic regulation, has been violated" (Sheehan v City of New York, 40 NY2d 496, 501 [1976]).
Finally, my failure to address the majority's advisory analysis under Vehicle and Traffic Law § 1146 (c) (2) should not be taken as acceptance of that analysis. Vehicle and Traffic Law § 1146 (c) (2) was not raised below or on appeal and therefore should not be addressed by this Court (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984-985 [4th Dept 1994]).
In view of the foregoing, I would modify the order in appeal No. 1 by denying plaintiff's motion insofar as it sought partial summary judgment on the issue of proximate cause and would otherwise affirm.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court