Thorpe v AutoZone, Inc. (2023 NY Slip Op 00345)

Thorpe v AutoZone, Inc.

2023 NY Slip Op 00345

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00810
 (Index No. 528167/19)

[*1]Alfred A. Thorpe, respondent, 
v
AutoZone, Inc., et al., appellants.

Smith Sovik Kendrick & Sugnet, P.C., Syracuse, NY (David M. Katz and Steven Ward Williams of counsel), for appellants.
Abrams Law Group, P.C., Forest Hills, NY (Michael Stea and Melanie Abrams of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 30, 2020. The order, insofar as appealed from, denied the motion of the defendant Lease Plan USA, Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the defendant Jonathan Harman.
ORDERED that the appeal by the defendant AutoZone, Inc., is dismissed, as that defendant is not aggrieved by the portions of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Lease Plan USA, Inc., and Jonathan Harman; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 10, 2019, the plaintiff, a pedestrian, allegedly was injured when he was struck by a vehicle operated by the defendant Jonathan Harman on Flatbush Avenue in Brooklyn as Harman was making a left-hand turn into a parking lot. The vehicle was owned by the defendant Lease Plan USA, Inc. (hereinafter Lease Plan), and leased to the defendant's employer, the defendant AutoZone, Inc. (hereinafter AutoZone). The plaintiff thereafter commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendants were negligent in failing to avoid contact with him. Prior to answering the complaint, Lease Plan moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that, as the lessor of the vehicle that struck the plaintiff, it was shielded from liability for the plaintiff's injuries by the Graves Amendment (see 49 USC § 30106). The plaintiff opposed Lease Plan's motion and cross-moved for summary judgment on the issue of liability. In an order dated November 30, 2020, the Supreme Court, inter alia, denied Lease Plan's motion on the ground that it was premature and granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against Harman. The defendants appeal.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Shah v MTA Bus Co., 201 AD3d 833, 834, quoting Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014; see generally Rodriguez v City of New York, 31 NY3d 312). "A driver is bound to see what is there to be seen with the proper use of his or her senses" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790). Thus, in a pedestrian-vehicle accident case, a plaintiff moving for summary judgment on the issue of liability establishes his or her prima facie entitlement to judgment as a matter of law "by demonstrating, prima facie, that the defendant was negligent in the operation of his [or her] vehicle in striking [the plaintiff]" (Mims v Hobbs, 191 AD3d 870, 871; see Vehicle and Traffic Law § 1146[a]; Marks v Rieckhoff, 172 AD3d 847, 848; Simeone v Cianciolo, 118 AD3d 864, 865).
Here, in support of his cross-motion, the plaintiff submitted his own affidavit, which demonstrated that he was walking on the sidewalk along Flatbush Avenue when he was struck by Harman's vehicle as it was making a left turn across the sidewalk into an AutoZone parking lot. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability against Harman (see Mims v Hobbs, 191 AD3d 870; Gaston v Vertsberger, 176 AD3d 919, 920; Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788; Huang v Franco, 149 AD3d 703; Simeone v Cianciolo, 118 AD3d at 865).
In opposition, Harman failed to raise a triable issue of fact. Although Harman submitted his own affidavit, which conflicted with certain aspects of the plaintiff's affidavit, Harman's affidavit established that his vehicle struck the plaintiff as the plaintiff was crossing in front of the vehicle while Harman was pulling into the parking lot—a location in which it could be reasonably expected that a pedestrian might appear—and therefore, Harman failed to "exercise due care to avoid colliding with any . . . pedestrian" (Vehicle and Traffic Law § 1146[a]; cf. Mancia v Metropolitan Tr. Auth. Long Is. Bus, 14 AD3d 665). Contrary to Harman's contention, this branch of the plaintiff's cross-motion was not premature (see CPLR 3212[f]; Sapienza v Harrison, 191 AD3d 1028; Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518; Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against Harman.
The Supreme Court also properly denied Lease Plan's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, in effect, for failure to state a cause of action, albeit we affirm that determination on a ground different from that relied upon by the court. Contrary to the court's determination, Lease Plan's motion, which had not been converted into a motion for summary judgment, was not premature (see id. §§ 3211[d]; 3212[f]). Nonetheless, the motion was properly denied. "Pursuant to the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner" (Harewood v Zip Car, 189 AD3d 1192, 1193; see Cukoviq v Iftikhar, 169 AD3d 766, 767). Here, by submitting an affidavit from its chief commercial officer, Ricardo Fonzaghi, Lease Plan demonstrated that it was the owner of the vehicle that Harman was driving and it was engaged in the business of leasing motor vehicles (see Cukoviq v Iftikhar, 169 AD3d at 767; Aviaev v Nissan Infiniti LT, 150 AD3d 807, 808). However, to the extent that the plaintiff's theory of negligent maintenance or mechanical malfunction was supported by factual allegations, Lease Plan failed to establish, through the submission of documentary evidence, that the allegations were not facts at all (see CPLR 3211[a][7]; Harewood v Zip Car, 189 AD3d at 1193).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court