Streeter v North Shore Univ. Hosp. (2025 NY Slip Op 06350)

Streeter v North Shore Univ. Hosp.

2025 NY Slip Op 06350

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-06948
 (Index No. 609404/23)

[*1]Charlie T. Streeter, respondent, 
v
North Shore University Hospital, et al., appellants.

Amabile & Erman, P.C., White Plains, NY (Nicole Callahan of counsel), for appellants.
Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Maria T. Fasulo, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated March 11, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and failure to mitigate damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he alleges he sustained while restrained as a passenger in an ambulance. The ambulance made contact with a brick wall while the driver of the ambulance was attempting to maneuver out of the parking lot of the plaintiff's apartment complex through a narrow alley. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and failure to mitigate, contending, among other things, that the ambulance driver was solely at fault in causing the accident. In an order dated March 11, 2024, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Felle v Maxaner, 232 AD3d 853, 854 [internal quotation marks omitted]; see Thorpe v AutoZone, Inc., 212 AD3d 861, 862). "A plaintiff is not required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Martin v Copado-Esquivel, 226 AD3d 668, 670; see Rodriguez v City of New York, 31 NY3d 312). However, while "a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029).
Here, the plaintiff established, prima facie, that the ambulance driver was negligent in striking a fixed object and that the ambulance driver's negligence proximately caused the accident (see State Farm Mut. Auto. Ins. Co. v Novellino, 176 AD3d 1134, 1134; Mughal v Rajput, 106 AD3d 886, 887; Sieredzinski v McElroy, 303 AD2d 575, 576). The plaintiff also established, prima facie, that he was entitled to summary judgment dismissing the affirmative defense of comparative fault, as he was an innocent passenger who was not comparatively at fault in the happening of the accident (see Grecco v Altice USA, Inc., 230 AD3d 655, 656-657; Silva v Rabbani, 227 AD3d 1026, 1029).
In opposition, the defendants failed to raise triable issues of fact as to whether the ambulance driver was not negligent, whether the ambulance driver's negligence did not proximately cause the accident, or whether the plaintiff was comparatively at fault.
Furthermore, the defendants offer no basis to disturb the Supreme Court's determination that the plaintiff was entitled to dismissal of the affirmative defense alleging failure to mitigate damages, on the ground that it was pleaded merely as a conclusion of law without any supporting facts (see Diaz v 297 Schaefer St. Realty Corp., 195 AD3d 794, 796; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750).
Contrary to the defendants' contentions, the subject branches of the plaintiff's motion were not premature (see Woodham v New York City Transp. Auth., 231 AD3d 1096, 1098; Skura v Wojtlowski, 165 AD3d 1196, 1200; see also Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 750).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative fault and failure to mitigate damages.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court