Fernandez v Paris Limousine Servs. (2025 NY Slip Op 06846)

Fernandez v Paris Limousine Servs.

2025 NY Slip Op 06846

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-05294
 (Index No. 721480/19)

[*1]Julio Fernandez, respondent, 
v
Paris Limousine Services, appellant, et al., defendant.

Cobert Haber & Haber LLP, Garden City, NY (David C. Haber of counsel), for appellant.
Mirman, Markovits & Landau, P.C., New York, NY (David Yoseph Weissman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Paris Limousine Services appeals from an order of the Supreme Court, Queens County (Cassandra A. Johnson, J.), entered April 22, 2024. The order granted the plaintiff's motion for summary judgment on the issue of liability against that defendant and dismissing that defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the defendant Paris Limousine Services alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he alleged he sustained when a vehicle owned by the defendant Paris Limousine Services (hereinafter the defendant) struck him. The plaintiff moved for summary judgment on the issue of liability against the defendant and dismissing the defendant's affirmative defense alleging comparative negligence. In an order entered April 22, 2024, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Thorpe v AutoZone, Inc., 212 AD3d 861, 862 [internal quotation marks omitted]; see generally Rodriguez v City of New York, 31 NY3d 312). "Although a plaintiff is not required to establish his or her freedom from comparative negligence, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 789).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of [*2]law on the issue of liability against the defendant by submitting, inter alia, surveillance video footage of the incident, which demonstrated that the driver of the defendant's vehicle negligently struck the plaintiff as the vehicle was being operated in reverse (see Wei Ping Zheng v Sun & Son, Inc., 233 AD3d 733, 734; Dieubon v Moore, 229 AD3d 686, 687-688). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant.
However, the plaintiff failed to establish, prima facie, that the negligent operation of the defendant's vehicle was the sole proximate cause of the accident (see Dieubon v Moore, 229 AD3d at 688; Frankel v Jaroslawicz, 225 AD3d 742, 744). Here, the plaintiff's deposition testimony and the surveillance video footage indicate that the plaintiff directed the driver of the defendant's vehicle to move the vehicle in reverse and then, after the vehicle began moving, proceeded to walk behind the vehicle. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court