■ SOPHIE SINKEVICH et al., Appellants, v. STASYS CENKUS, Respondent. — In an action to recover damages for injury to persons and property, medical expenses and loss of services, in which the cause of action to recover for medical expenses and loss of services sustained by the plaintiff husband as a result of the personal injury to his wife was discontinued, the plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered October 9, 1964 on a verdict in favor of the defendant. Judgment reversed on the law and new trial granted, with costs to plaintiffs to abide the event. The questions of fact implicit in the verdict have been considered, and the court has determined that it would not grant a new trial upon those questions. The sole issue tried was the issue of liability. The collision between the two automobiles involved herein occurred at an intersection and each side contended that it had a green light in its favor. The police officer who prepared the aided and accident card and the UF6B police report, a detailed vehicle accident report, did not see nor did he recall the accident at the time of the trial. There was an issue as to whether there was any witness to the accident, other than the parties, and as to whether the plaintiff driver admitted that she did not see the traffic light. In the information in the UF6B police report as to contributing violations, there was a notation that the plaintiff operator was guilty of "Failing to Stop on Signal" and that the driver of the defendant's vehicle was guilty of "None". There was also a notation on the UF6B report, as to how the violation was determined, that it was "Based on Statements of Parties and Witnesses." The report did not state that there were any eyewitnesses to the accident nor that the plaintiffs had admitted that they failed to stop on a signal or light. The statements in the UF6B report that the plaintiffs failed to stop on signal and that the defendant driver was not guilty of any contributing violation were conclusions of the officer as to the cause of the accident which were prejudicial and which were not admissible as entries made in the regular course of business (*Lea* v. *Segreto*, 23 A D 2d 759; *Coppola* v. *Melvin*, 241 App. Div. 611; *Needle* v. *New York Rys. Corp.*, 227 App. Div. 276; *Skoller* v. *Short*, 35 N. Y. S. 2d 68; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.11). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.