■ JAMES F. CLARKE, Appellant, v ALLAN NADEL et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered November 27, 1973 in favor of defendants, upon a jury verdict, after a trial on the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact have been considered on this appeal. In this personal injury action, plaintiff alleged that he was struck by a car driven by defendant Nadel as he was crossing East 41st Street at a point about 100 feet west of Second Avenue, in Manhattan. During the course of the trial, the trial court properly admitted into evidence, as defendant's Exhibit E, a diagram prepared by a police officer as part of his MV 104 detailed accident report, illustrating the respective positions and locations of plaintiff and of the car driven by defendant Nadel, which the officer had observed when he reached the accident scene. In admitting the diagram, the trial court stated that it was admitting the diagram only and not the rest of the MV 104 report; and further stated that the diagram would be carved out of the remainder of the MV 104 report. On appeal, plaintiff's counsel alleged that the jury was improperly allowed to view a legend on the bottom of Exhibit E (material written by the investigating officer in response to Item 23 of that exhibit) containing the following conclusory statement: "Veh #1 east bound on E 41 St slowing down when pedestrian stepped out between parked cars. Pedestrian did run into Veh #1 at time and place of occurrence." On the record before this court, we could not determine the correctness of that allegation. Accordingly, the case was remanded to the trial court by order of this court dated October 21, 1975, for (1) a hearing on the issue whether the legend on the bottom of Exhibit E was submitted to the jury and (2) a report with findings, to be submitted to this court by November 10, 1975. In the interim, the appeal was held in abeyance. That hearing was held and, by report dated November 5, 1975, the trial court found that (1) the usual procedure when processing documentary evidence was not followed by excision or by the deleting or covering of any portion of defendants' Exhibit E and (2) the material written by the investigating officer in response to Item 23 of defendants' Exhibit E was neither excised, deleted nor covered prior to its submission to the jury. In view of these findings, the judgment appealed

from must be reversed and a new trial granted. The MV 104 report filed by the investigating officer did not specifically state that plaintiff admitted that he ran into the defendant's vehicle. At the trial, the officer testified that he spoke to plaintiff and defendant Nadel at the scene of the accident, but that he could not recall whether plaintiff had made such an admission to him. Consequently, the statement in the MV 104 report that plaintiff "did run" into the defendant's vehicle, was a conclusion of the officer. It was improperly admitted into evidence and constituted prejudicial error (see *Sinkevich v Cenkus,* 24 AD2d 903; *Albert v Stumpf,* 30 AD2d 686). The trial court similarly erred when it introduced into evidence a UF 6B police report containing a conclusion by the officer that plaintiff pedestrian was guilty of "Coming from Behind Parked Vehicle" (see *Sinkevich v Cenkus, supra; Albert v Stumpf, supra).* However, this error was not prejudicial since plaintiff himself testified on his direct examination that he was attempting to cross from the south to the north side of East 41st Street at a point approximately 125 feet west of Second Avenue; and that he had come into the roadway from between two parked vehicles. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.