■ MARYANN CURTIN, Individually and as Administratrix of the Estate of PAUL B. CURTIN, Deceased, Respondent, v MICHAEL J. CURTIN et al., Respondents, and ROGER A. PHEARSDORF et al., Doing Business as PHEARSDORF TRUCKING, Appellants. (Action No. 1.) NAN L. PHILLIPS, Individually and as Administratrix of the Estate of JAMES E. PHILLIPS, JR., Deceased, Respondent, v ROGER A. PHEARSDORF et al., Individually and Doing Business as PHEARSDORF TRUCKING, Appellants, and MICHAEL J. CURTIN et al., Respondents, et al., Defendant. (Action No. 2.) [665 NYS2d 241] —Order unanimously affirmed with costs. Memorandum: These actions for conscious pain and suffering and wrongful death arise out of an accident that occurred when an automobile owned by defendant Kenneth C. Curtin and operated by defendant Michael J. Curtin collided with a truck owned by defendant David Phearsdorf, doing business as Phearsdorf Trucking, and operated by defendant Roger A. Phearsdorf. Decedents were passengers in the Curtin vehicle. Prior to the commencement of the actions, a hearing was held by the Department of Motor Vehicles (DMV) pursuant to Vehicle and Traffic Law § 510 to determine whether the license of either driver should be suspended or revoked. As a result of that hearing, Michael Curtin's license was suspended for 30 days based upon the findings of the Administrative Law Judge that the unexplained operation of the vehicle by Michael Curtin in the wrong lane of travel caused the accident and that he either was grossly negligent or showed a reckless disregard for the safety of others (see, Vehicle and Traffic Law § 510 [3] [e]). The case involving Roger Phearsdorf was closed, and no action was taken with respect to his operating privileges.

The Phearsdorfs moved for summary judgment on their cross claim for indemnification against the Curtins on the ground that the determination of the DMV collaterally estops the Curtins from relitigating the issue of Michael Curtin's negligence or Roger Phearsdorf's freedom from negligence. Supreme Court properly denied that motion. The purpose of the administrative proceeding was simply to determine whether the circumstances of the fatal accident warranted the suspension or revocation of the driver's license of either driver (see, Levine v Tolchin, 239 AD2d 279), not to determine their

relative culpability. Indeed, the issue whether Roger Phearsdorf was free from ordinary negligence, a prerequisite to the Phearsdorfs' entitlement to common-law indemnification, was not decided in the administrative proceeding (*see, Matter of Ferguson v Kelly*, 11 AD2d 846). Further, the record establishes that the Curtins did not have a full and fair opportunity to litigate the issue of the respective fault of the drivers at the DMV hearing (*see, Rice v Massalone*, 160 AD2d 861, 862; *see also, Levine v Tolchin, supra*). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.