■ ROSELORE EXANTUS et al., Respondents, v TOWN OF OSSINING et al., Appellants, and THOMAS J. KANAN, JR., et al., Respondents. [699 NYS2d 94] —In a negligence action to recover damages for personal injuries, etc., the defendants Town of Ossining and Josette J. Polzella appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 2, 1998, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The submission of the police accident report containing a diagram of the accident scene prepared by a State Trooper from his personal observations, and the injured plaintiff's testimony that she felt three impacts to her vehicle, constitute competent evidence sufficient to raise a triable issue of fact as to whether the vehicle owned and operated by the appellants came into contact with the vehicle owned and operated by the injured plaintiff (see, Matter of Travelers Indem. Co. v Morales, 188 AD2d 350; Bracco v MABSTOA, 117 AD2d 273, 277; Wise-

*man v American Motors Sales Corp.*, 103 AD2d 230; *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.*, 94 AD2d 617, *affd* 61 NY2d 769; *Campbell v Manhattan & Bronx Surface Tr. Operating Auth.*, 81 AD2d 529; *Heiney v Pattillo*, 76 AD2d 855; *Clarke v Nadel*, 50 AD2d 851, 852; *Lee v De Carr*, 36 AD2d 554). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.