CHARLENE SCOTT, Plaintiff, v BRYAN KASS, Respondent, and JUAN APONTE et al., Appellants. [851 NYS2d 649]—

In an action to recover damages for personal injuries, the defendants Juan Aponte and L & L Cab Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 16, 2007, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The appellants established their prima facie entitlement to summary judgment by submitting evidence showing that the defendant Bryan Kass violated Vehicle and Traffic Law § 1126 (a) by crossing over a double yellow line into an opposing lane of traffic, thereby causing the collision (*see Marsicano v Dealer Stor. Corp.,* 8 AD3d 451 [2004]; *Browne v Castillo,* 288 AD2d 415 [2001]). This constituted negligence as a matter of law (*see Gadon v Oliva,* 294 AD2d 397, 398 [2002]). The police accident report submitted by the appellants in support of their cross motion for summary judgment contained a statement by the defendant Bryan Kass that he had fallen asleep while driving and that his vehicle had crossed over a double yellow line into oncoming traffic and struck a telephone pole on the opposite side of the road. The police officer who prepared the report was acting within the scope of his duty in recording Kass's statement, and the statement is admissible as the admission of a party (*see Guevara v Zaharakis,* 303 AD2d 555, 556 [2003]; *Ferrara v Poranski,* 88 AD2d 904 [1982]). Additionally, the diagram and other entries in the police accident report showing where the vehicles struck each other and the position and path of

travel of each vehicle is admissible since the reporting officer could make these determinations himself when he arrived on the scene (*see Exantus v Town of Ossining,* 266 AD2d 502 [1999]).

The plaintiff did not oppose the appellants' cross motion. The only opposition was from Kass, whose submission failed to raise a triable issue of fact as to the appellants' negligence. Speculation that the driver in the opposing lane of traffic could have done something to avoid a vehicle crossing over a double yellow line is insufficient to defeat a motion for summary judgment (*see Eichenwald v Chaudhry,* 17 AD3d 403, 404 [2005]; *Gadon v Oliva,* 294 AD2d 397, 398 [2002]).

Kass's remaining contentions need not be addressed in light of our determination. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.