■ SUSAN CAMPBELL, Respondent, v COUNTY OF SUFFOLK et al., Appellants. (And a Third-Party Action.) [871 NYS2d 222]—

On October 2, 2004 the plaintiff was a passenger in a motor vehicle being operated by Charles Merritt, the third-party defendant, when it was involved in an accident with a bus owned by the defendant County of Suffolk and operated by the defendant Peggy Costello. As a result of the accident, the plaintiff

sustained injuries and commenced this lawsuit against the County and Costello. In support of that branch of her motion which was for summary judgment on the issue of liability, the plaintiff submitted evidence which established that the Merritt vehicle was traveling in the northbound roadway of County Road 51 in Suffolk County when the County bus, which had been traveling in a southbound direction, crossed over the roadway's dividing median and struck the Merritt vehicle head on. By such evidence, the plaintiff demonstrated her entitlement to judgment as a matter of law (*see* Vehicle and Traffic Law § 1126 [a]; *Scott v Kass*, 48 AD3d 785 [2008]; *Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc.*, 38 AD3d 1071 [2007]; *Marsicano v Dealer Stor. Corp.*, 8 AD3d 451 [2004]).

In opposition thereto, the County and Costello failed to raise a triable issue of fact. At her deposition, Costello admitted that just before the accident occurred, she "cut" the bus steering wheel "to the left very hard" to avoid a nearby truck which was "very close . . . in my lane." However, Costello also stated that she observed the "whole truck" in her side view mirror, suggesting that the truck was not dangerously close, and that only a slight move to the left by the bus would have been warranted under the circumstances. Nor is there any allegation that the truck ever struck the bus. Moreover, later in her deposition, Costello stated that she lost control of the bus because her "air ride" driver's seat was "bouncing."

Accordingly, the County and Costello failed to raise an issue of fact as to whether Costello was confronted with an emergency "not of her own making" (*Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]). Thus, the plaintiff was entitled to summary judgment on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

We have not considered the claim raised by the plaintiff in her respondent's brief that the Supreme Court should have also granted that branch of her motion which was for summary judgment on the issue of serious injury because the plaintiff did not cross-appeal from the order (*see Hecht v City of New York*, 60 NY2d 57, 63 [1983]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.