■ JEANINE JAMAL et al., Respondents, v SCARSDALE AUTO CLINIC, INC., et al., Respondents, and JAMES F. LAPORTE et al., Appellants. [899 NYS2d 886]—

In an action to recover damages for personal injuries, etc., the defendants James F. LaPorte and Nicolas B. Saliveros appeal from an order of the Supreme Court, Dutchess County (Brands, J.), entered May 4, 2009, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the defendants James F. LaPorte and Nicolas B. Saliveros (hereinafter together the appellants) established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the defendant Saliveros, who testified that immediately before the impact of his tow truck with the vehicle driven by the defendant Falasteen Jamal (hereinafter the Jamal vehicle), he observed the Jamal vehicle coming towards him from the opposite direction and crossing the double yellow line. The appellants established, prima facie, that Falasteen Jamal's act of crossing over a double yellow line into an opposing lane of traffic was negligent as a matter of law (*see* Vehicle and Traffic Law § 1126 [a]; *Ruthinoski v Brinkman*, 63 AD3d 900 [2009]; *Campbell v County of Suffolk*, 57 AD3d 821 [2008]; *Scott v Kass*, 48 AD3d 785 [2008]; *O'Connor v Lopane*, 24 AD3d 426 [2005]).

In opposition to the appellants' prima facie showing that they were not at fault in causing the subject motor vehicle accident, the plaintiffs and the defendants Scarsdale Auto Clinic, Inc.,

and Falasteen Jamal raised a triable issue of fact as to whether the appellants were at fault in causing the accident by submitting an affidavit from Ahlam Jamal, a passenger in the Jamal vehicle, who stated that she observed a portion of the tow truck cross over the double line into the lane in which the Jamal vehicle was driving, in violation of Vehicle and Traffic Law § 1126 (a) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Espinal v Sureau*, 262 AD2d 523 [1999]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.