■ GRAZIA VITELLO, Respondent, v AMBOY BUS Co., Appellant. [921 NYS2d 159]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 19, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

The plaintiff, a school bus driver, allegedly was injured during the course of her employment when the gas pedal of the bus she was operating on Seventh Avenue in Brooklyn became struck, causing the bus to collide with several parked vehicles. The plaintiff commenced this action against the defendant bus company alleging, inter alia, that the defendant was negligent in its maintenance of the subject bus.

The defendant moved, inter alia, for summary judgment dismissing the complaint, contending that it was the plaintiff's employer and, thus, her claims were barred pursuant to Work-

ers' Compensation Law § 11. In opposition, the plaintiff contended that the defendant was collaterally estopped from arguing that it was the plaintiff's employer, as the issue was already decided by the Workers' Compensation Board (hereinafter the WCB) in a notice of decision dated January 25, 2007 (hereinafter the decision). In the decision, the WCB concluded that the plaintiff suffered a work-related injury and awarded her certain amounts in compensation. At the bottom of the decision, an entity named "Atlantic Express" was listed as the plaintiff's employer. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment, finding that the defendant was collaterally estopped from arguing that it was the plaintiff's employer. We reverse the order insofar as appealed from.

Under the doctrine of collateral estoppel, a party is precluded from "relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Two elements must be established: (1) that "the identical issue was necessarily decided in the prior action and is decisive in the present action"; and (2) that the precluded party "must have had a full and fair opportunity to contest the prior determination" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Collateral estoppel is applicable to quasi-judicial determinations of administrative agencies, including the WCB (*see Ryan v New York Tel. Co.*, 62 NY2d at 499; *O'Gorman v Journal News Westchester*, 2 AD3d 815, 816 [2003]; *Rigopolous v American Museum of Natural History*, 297 AD2d 728, 729 [2002]).

Here, the Decision of the WCB does not collaterally estop the defendant from arguing that it was the plaintiff's employer, because there is no indication in the record that this was a disputed issue at the workers' compensation proceeding or that the WCB specifically adjudicated this issue (*see Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 679 [2009]; *Caiola v Allcity Ins. Co.*, 257 AD2d 586, 587 [1999]). Therefore, the Supreme Court improperly concluded that the defendant was collaterally estopped from arguing that it was the plaintiff's employer.

Moreover, the defendant established its prima facie entitlement to judgment as a matter of law. The defendant presented documentary evidence demonstrating that the plaintiff was its employee on the date of the accident and that Atlantic Express was the defendant's parent company which had purchased workers' compensation insurance for its subsidiary. In opposition,

the plaintiff failed to raise a triable issue of fact (*see Villatoro v Grand Blvd. Realty, Inc.*, 18 AD3d 647 [2005]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.