■ Martin Emanuel et al., Appellants, v MMI Mechanical, Inc., et al., Respondents, et al., Defendants. [16 NYS3d 285]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 10, 2013, as granted those branches of the cross motion of the defendants Wartburg Lutheran Home for the Aging and Wartburg Nursing Home, Inc., and the separate cross motion of the defendants MMI Mechanical, Inc., and Lester Starr which were for summary judgment dismissing the complaint insofar as asserted against each of them and, in effect, denied, as academic, their motion to restore the action insofar as asserted against the defendants MMI Mechanical,

Inc., Lester Starr, Wartburg Lutheran Home for the Aging, and Wartburg Nursing Home, Inc., to the trial calendar, and (2) so much of a judgment of the same court dated October 17, 2013, as, upon the order, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted those branches of the cross motion of the defendants MMI Mechanical, Inc., and Lester Starr (hereinafter together the MMI defendants), and the separate cross motion of the defendants Wartburg Lutheran Home for the Aging and Wartburg Nursing Home, Inc. (hereinafter together the Wartburg defendants), which were for summary judgment dismissing the complaint insofar as asserted against each of them based on the doctrine of collateral estoppel. The MMI defendants and the Wartburg defendants established their prima facie entitlement to judgment as a matter of law by showing that the issue decided in a Workers' Compensation Board proceeding, that the plaintiff Martin Emanuel did not sustain a work-related injury on April 10, 2007, was identical to that presented in this action to recover damages for personal injures (*see Ridge v Gold*, 115 AD3d 1263 [2014]; *see also McRae v Sears, Roebuck & Co.*, 2 AD3d 419 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the issue was identical and failed to show that they lacked a full and fair opportunity to litigate the issue (*see JPMorgan Chase Bank v Ezagui*, 90 AD3d 714, 715-716 [2011]).

Since the MMI defendants did not cross appeal, the issue of the Supreme Court's denial of that branch of their cross motion which was for the imposition of sanctions is not properly before this Court (*see Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 644 [2012]).

In light of our determination, we need not reach the parties'

remaining contentions. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.