Reynoso v Ahava 750, LLC (2020 NY Slip Op 04335)





Reynoso v Ahava 750, LLC


2020 NY Slip Op 04335


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-12424
 (Index No. 6166/12)

[*1]Inez Reynoso, appellant, 
v
Ahava 750, LLC, defendant third-party plaintiff-respondent, Chem Rx Pharmacy Services, LLC, defendant third-party defendant-respondent; Pharmerica Corporation, third-party defendant-respondent.


Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Debra J. Millman, P.C., New York, NY (Norman Landres of counsel), for defendant third-party plaintiff-respondent.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for defendant third-party defendant-respondent and third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated October 19, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant third-party defendant and the third-party defendant which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party defendant, and granted that branch of the separate motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she fell during a power outage while working in a building in Long Beach. The defendant third-party plaintiff, Ahava 750, LLC (hereinafter Ahava 750), owned the building, which was leased to the defendant third-party defendant, Chem Rx Pharmacy Services, LLC (hereinafter Chem Rx). Chem Rx and the third-party defendant, Pharmerica Corporation (hereinafter Pharmerica), a related corporation, moved, among other things, for summary judgment dismissing the complaint insofar as asserted against Chem Rx, contending that the plaintiff's claims against Chem Rx were barred by the exclusivity provisions of the Workers' Compensation Law. Ahava 750 separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the basis, among others, that it owed no duty to the plaintiff. The Supreme Court, inter alia, granted those branches of the separate motions, and the plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the motion of Chem Rx and Pharmerica which was for summary judgment dismissing the complaint insofar as asserted against Chem Rx. "[T]he receipt of workers' compensation benefits is the exclusive remedy that a worker may obtain against an employer for losses suffered as a result of an injury sustained in the course of employment" (Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 779 [internal quotation marks omitted]; see Workers' Compensation Law §§ 11, 29[6]). Chem Rx and Pharmerica contended that the plaintiff could not recover damages from Chem Rx because Chem Rx was the plaintiff's employer.
Initially, contrary to the plaintiff's contention, Chem Rx and Pharmerica were not barred by the doctrine of collateral estoppel from arguing that Chem Rx was the plaintiff's employer. "Under the doctrine of collateral estoppel, a party is precluded from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Vitello v Amboy Bus Co., 83 AD3d 932, 933, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). Here, the plaintiff failed to demonstrate that the identity of her employer was a disputed issue at a proceeding before the Workers' Compensation Board, or that the Workers' Compensation Board specifically adjudicated that issue (see Vitello v Amboy Bus Co., 83 AD3d at 933). Thus, the doctrine of collateral estoppel did not prevent Chem Rx and Pharmerica from litigating that issue in this action.
Moreover, Chem Rx and Pharmerica established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Chem Rx. Those parties submitted evidence, including the plaintiff's own admissions, demonstrating, prima facie, that the plaintiff was Chem Rx's employee, that she was acting in the course of her employment at the time of the accident, and that she had received benefits under the Workers' Compensation Law (see Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; Vitello v Amboy Bus Co., 83 AD3d at 933). In opposition, the plaintiff failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination to grant that branch of the motion of Ahava 750 which was for summary judgment dismissing the complaint insofar as asserted against it. "An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct'" (Fox v Patriot Saloon, 166 AD3d 950, 951, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). Since the pleadings did not allege a violation of any particular statute, Ahava 750 demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord which was not bound by contract or a course of conduct to maintain the premises (see Fox v Patriot Saloon, 166 AD3d at 951; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 18-19). In opposition, the plaintiff failed to raise a triable issue of fact.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court