DiMarco v Coscia (2021 NY Slip Op 08222)





DiMarco v Coscia


2021 NY Slip Op 08222


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-05004
 (Index No. 1542/16)

[*1]Santo DiMarco, et al., respondents, 
v
Nicholas Coscia, et al., defendants, Ignazio Giuffre, appellant.


Gannon, Rosenfarb & Drossman, New York, NY (David A. Drossman of counsel), for appellant.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Edward J. Pavia, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Ignazio Giuffre appeals from an order of the Supreme Court, Kings County (Lara Genovesi, J.), dated April 3, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ignazio Giuffre.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ignazio Giuffre is granted.
The plaintiff Santo DiMarco (hereinafter the injured plaintiff) allegedly was injured while working at Bay Ridge Fiat when he was struck by a snow plow being operated by the defendant Ignazio Giuffre. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Giuffre. The defendants moved for summary judgment dismissing the complaint. As to that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Giuffre, the defendants argued that Giuffre was shielded from liability by the Workers' Compensation Law. They submitted transcripts of the deposition testimony of Giuffre and the injured plaintiff, which established that both were working for Bay Ridge Fiat at the time of the accident and that the injured plaintiff received Workers' Compensation benefits in relation to the accident. In opposition, the plaintiffs argued that there were triable issues of fact as to whether Giuffre was employed by Bay Ridge Fiat because the defendants did not submit any documentary evidence in support of their motion. The plaintiffs further argued that there was deposition testimony that Giuffre, whose father owned Bay Ridge Fiat, worked at other dealerships also owned by his father. In the order appealed from, the Supreme Court determined that there was a triable issue of fact as to whether Giuffre worked at Bay Ridge Fiat on the day of the accident, and, therefore, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Giuffre. Giuffre appeals.
Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is the exclusive remedy of the employee and his or her spouse as against the [*2]employer or co-employees for injuries sustained in the course of employment (see Workers' Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928; Power v Frasier, 131 AD3d 461, 462). Here, Giuffre established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him through evidence demonstrating that both he and the injured plaintiff were employees of Bay Ridge Fiat and were acting in the course of their employment at the time of the accident, and that the injured plaintiff received benefits under the Workers' Compensation Law (see Zielinski v New Jersey Tr. Corp., 170 AD3d at 928; Derosas v Rosmarins Land Holdings LLC, 148 AD3d 988, 990; Power v Frasier, 131 AD3d at 462; Castro v Salem Truck Leasing, Inc., 63 AD3d 1095, 1096). In opposition, the plaintiffs, who relied upon mere speculation without any evidentiary support, failed to raise a triable issue of fact (see generally Zielinski v New Jersey Tr. Corp., 170 AD3d at 928; Castro v Salem Truck Leasing, Inc., 63 AD3d at 1096). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Giuffre.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court