Denisco v 405 Lexington Ave., LLC (2022 NY Slip Op 01990)





Denisco v 405 Lexington Ave., LLC


2022 NY Slip Op 01990


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-12122
 (Index No. 712627/16)

[*1]Michael Denisco, appellant, 
v
405 Lexington Avenue, LLC, et al., respondents, et al., defendants (and a third-party action).


Goidel & Siegel, LLP, New York, NY (Andrew B. Siegel of counsel), for appellant.
Cullen & Dykman, LLP, Garden City, NY (Nicholas M. Cardascia of counsel), for respondents TS 405 Lexington Owner, LLC, and Tishman Speyer Properties, Inc.
Marshall Dennehey Warner Coleman & Goggin, New York, NY (Richard C. Imbrogno and Mark D. Wellman of counsel), for respondent Clune Construction Company, L.P.
Morris Duffy Alonso & Fahey, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for defendant DFL Interiors, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered October 9, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Clune Construction Company, L.P., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted those branches of the motion of the defendants TS 405 Lexington Owner, LLC, and Tishman Speyer Properties, Inc., which were pursuant to CPLR 3025(b) for leave to amend their answer, and thereupon, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell from a ladder on July 30, 2015, while performing construction work at property owned by the defendant TS 405 Lexington Owner, LLC, and managed by the defendant Tishman Speyer Properties, Inc. (hereinafter together the Tishman defendants). The defendant Clune Construction Company, L.P. (hereinafter Clune), allegedly was the general contractor on the project. The complaint alleged violations of the Labor Law and common-law negligence.
Clune moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff was collaterally estopped from asserting that he sustained injuries as a result of a workplace accident on July 30, 2015, by a workers' compensation determination which found that the accident claimed by the plaintiff did not occur. The Tishman [*2]defendants moved, inter alia, pursuant to CPLR 3025(b) for leave to amend their answer to assert the affirmative defense of collateral estoppel, and thereupon, for summary judgment dismissing the complaint insofar as asserted against them on the ground of collateral estoppel. In the order appealed from, entered October 9, 2019, the Supreme Court, inter alia, granted the subject branches of the motions. The plaintiff appeals.
Contrary to the plaintiff's contention, Clune did not waive the affirmative defense of collateral estoppel, as its answer specifically pleaded this affirmative defense. Further, the Supreme Court providently exercised its discretion in granting that branch of the Tishman defendants' motion which was pursuant to CPLR 3025(b) for leave to amend their answer to assert the affirmative defense of collateral estoppel. Leave to amend pleadings "shall be freely given upon such terms as may be just" (id.), the proposed amendment was not patently lacking in merit, and the plaintiff did not establish any prejudice or surprise (see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 70-74; see also Onewest Bank, FSB v N & R Family Trust, 200 AD3d 902, 903; Jin Liang Lin v Gee, 200 AD3d 666, 667).
The Supreme Court properly concluded that the action was barred by the doctrine of collateral estoppel. "The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 70; Roserie v Alexander's Kings Plaza, LLC, 171 AD3d 822, 823). In support of their respective motions, Clune and the Tishman defendants submitted a determination of the Workers' Compensation Board affirming a decision of an administrative law judge (hereinafter ALJ), which disallowed the plaintiff's workers' compensation claim upon finding that the injuries complained of were sustained when the plaintiff left a moving vehicle, and not from a work-related incident. At the workers' compensation proceeding before the ALJ, the plaintiff testified that on the subject date, he fell from a ladder at work, hitting his head twice on a sprinkler, falling to the ground, and landing on his back and neck. However, other testimony and documentary evidence, including medical records and police reports, established that on the subject date, the plaintiff jumped from a moving vehicle, which, it was determined, was the cause of the injuries he sustained. The moving defendants met their prima facie burden of establishing that the issue decided in the workers' compensation proceeding, that the injuries the plaintiff sustained on July 30, 2015, were not work-related, was identical to that presented in this action to recover damages for personal injuries (see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 77-78; Roserie v Alexander's Kings Plaza, LLC, 171 AD3d at 823-824; Emanuel v MMI Mech., Inc., 131 AD3d 1002, 1003). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the issue was identical and failed to show that he lacked a full and fair opportunity to litigate the issue (see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 78; Roserie v Alexander's Kings Plaza, LLC, 171 AD3d at 824; Emanuel v MMI Mech., Inc., 131 AD3d at 1003).
Accordingly, the Supreme Court properly granted those branches of Clune's and the Tishman defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court