Calixte v City of New York (2022 NY Slip Op 04286)

Calixte v City of New York

2022 NY Slip Op 04286

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2019-12572
 (Index No. 519499/16)

[*1]Maryse Calixte, respondent, 
v
City of New York, et al., defendants, Jean Bonhome, et al., appellants.

Wood Smith Henning & Berman, LLP, New York, NY (Cathleen A. Giannetta and Christopher Arcitio of counsel), for appellants.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jean Bonhome and Reliant Transportation, Inc., appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 4, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Jean Bonhome and Reliant Transportation, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 1, 2015, the plaintiff, a school bus matron, allegedly was injured when the bus in which she was a passenger collided with another vehicle. The bus was operated by the defendant Jean Bonhome and owned by the defendant Reliant Transportation, Inc. (hereinafter Reliant). The plaintiff commenced this action against, among others, Bonhome and Reliant. In March 2019, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Bonhome and Reliant. The defendants contended, among other things, that the causes of action asserted against Bonhome and Reliant were barred by the exclusivity provisions of the Workers' Compensation Law because the plaintiff and Bonhome were both employed by Reliant, which was a division of nonparty MV Transportation, Inc. In an order dated
October 4, 2019, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Bonhome and Reliant. Bonhome and Reliant appeal.
Initially, contrary to the plaintiff's contention, Bonhome and Reliant were not barred by the doctrine of collateral estoppel from disputing the identity of the plaintiff's employer. "Under the doctrine of collateral estoppel, a party is precluded from 'relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Vitello v Amboy Bus Co., 83 AD3d 932, 933, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69-70). "The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that [*2]tribunal" (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255; see Denisco v 405 Lexington Ave., 203 AD3d 1025; Vitello v Amboy Bus Co., 83 AD3d at 933). Here, the plaintiff failed to demonstrate that the identity of her employer was a disputed issue at a proceeding before the Workers' Compensation Board, or that the Workers' Compensation Board specifically adjudicated that issue (see Reynoso v Ahava 750, LLC, 185 AD3d 1074, 1076; Vitello v Amboy Bus Co., 83 AD3d at 933). Thus, the doctrine of collateral estoppel does not prevent Bonhome and Reliant from litigating that issue in this action.
Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment (see Workers' Compensation Law §§ 11, 29[6]; DiMarco v Coscia, 192 AD3d 867, 868; Zielinski v New Jersey Tr. Corp., 170 AD3d 927, 928). Here, the defendants submitted conflicting evidence regarding the identity of the plaintiff's employer. Thus, they failed to demonstrate, prima facie, that both Bonhome and the plaintiff were employees of Reliant at the time of the accident (cf. DiMarco v Coscia, 192 AD3d at 868; Zielinski v New Jersey Tr. Corp., 170 AD3d at 928-929).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Bonhome and Reliant, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court