Hopkins v Terwilliger (2025 NY Slip Op 04002)

Hopkins v Terwilliger

2025 NY Slip Op 04002

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-08473 
2023-00028
 (Index Nos. 8933/17, 10408/18)

[*1]Athena Hopkins, etc., appellant,
v
James J. Terwilliger, respondent (and a third-party action). (Action No. 1)
Kenneth Hopkins, appellant,
v
James Terwilliger, respondent (and a third-party action). (Action No. 2)

Raldiris & Gonzalez, Middletown, NY (Hiram Anthony Raldiris and Argenis Gonzalez of counsel), for appellant in Action No. 2.
Law Office of David S. Klausner PLLC, White Plains, NY (Stephen Slater of counsel), for respondent in Action No. 2.

DECISION & ORDER
In related actions to recover damages for personal injuries, etc., (1) the plaintiff in Action No. 1 appeals, and the plaintiff Action No. 2 separately appeals, from an order of the Supreme Court, Orange County (Maria Vasquez-Doles, J.), dated October 13, 2021, and (2) the plaintiff in Action No. 2 appeals from an order of the same court dated November 10, 2022. The order dated October 13, 2021, insofar as appealed from by the plaintiff in Action No. 2, granted that branch of defendant's motion which was for summary judgment dismissing the complaint in Action No. 2. The order dated November 10, 2022, insofar as appealed from, denied the motion of the plaintiff in Action No. 2 for leave to reargue his opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint in Action No. 2. The appeal by the plaintiff in Action No. 1 from the order dated October 13, 2021, was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal from the order dated November 10, 2022, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 13, 2021, is reversed insofar as appealed from by the plaintiff in Action No. 2, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the complaint in Action No. 2 is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff in Action No. 2.
In November 2017, Kenneth Hopkins, the plaintiff in Action No. 2 (hereinafter the [*2]plaintiff), commenced an action to recover damages for personal injuries he allegedly sustained on July 30, 2017, when the motorcycle he was operating came into contact with a white van operated by the defendant in Ulster County. Clorisa Hopkins was a passenger on the motorcycle and was killed as a result of the accident. Subsequently, the New York State Department of Motor Vehicles, Division of Safety and Business Hearings Bureau (hereinafter DMV), conducted a hearing regarding the accident. In a determination dated April 25, 2019, an administrative law judge (hereinafter the ALJ) concluded, among other things, that the plaintiff had violated various sections of the Vehicle and Traffic Law by crossing over a double-yellow line into the opposite lane of traffic, speeding, and failing to use his designated lane, and that these violations were the sole cause of the accident. The ALJ also determined that the defendant's vehicle "never made contact with [the plaintiff's] motorcycle."
In December 2020, the defendant moved, inter alia, for summary judgment dismissing the complaint in Action No. 2, contending, among other things, that the determination of the ALJ collaterally estopped the plaintiff from relitigating the issue of the liability of the drivers in this action. The plaintiff opposed the motion. In an order dated October 13, 2021, the Supreme Court, inter alia, granted that branch of the defendant's motion, determining that this action was barred by the doctrine of collateral estoppel. The plaintiff appeals.
Initially, contrary to the defendant's contention and the Supreme Court's determination, the defendant failed to establish that Action No. 2 was barred by the doctrine of collateral estoppel. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Calixte v City of New York, 207 AD3d 431, 431-432; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69-70). "The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255; see Calixte v City of New York, 207 AD3d at 432). Here, the defendant established that the issue of the liability of the drivers is identical to a material issue that was necessarily decided by the ALJ following the DMV hearing (see Alamo v McDaniel, 44 AD3d 149, 154). However, the plaintiff demonstrated that, under the circumstances of this case, he did not have a full and fair opportunity to litigate the issue of the liability of the drivers at the DMV hearing (see Curtin v Curtin, 244 AD2d 927, 928; cf. Alamo v McDaniel, 44 AD3d at 154). The record reflects, inter alia, that no representative from the Ulster County Sheriff's Office appeared at the hearing and that the plaintiff was prohibited from cross-examining the witnesses. Accordingly, the court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the complaint in Action No. 2 on the ground that the action was barred by the doctrine of collateral estoppel.
Awarding the defendant summary judgment dismissing the complaint in Action No. 2 also was not warranted on the merits. "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Tornabene v Seickel, 186 AD3d 645, 646 [internal quotation marks omitted]; see Smith-Joyner v Barahona, 227 AD3d 924, 926). Thus, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Smith-Joyner v Barahona, 227 AD3d at 926).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint in Action No. 2 by submitting, inter alia, photographs of his van taken shortly after the accident, an excerpt of a case report prepared by the Ulster County Sheriff's Office, Criminal Division, and a transcript of his deposition testimony, wherein he testified that he did not make contact with the plaintiff's motorcycle, which had been traveling toward him from the opposite direction in the defendant's lane of traffic, and that the plaintiff "dropped the bike and slid down the road" (see Jamal v Scarsdale Auto Clinic, Inc., 73 AD3d 861). In opposition, however, [*3]the plaintiff raised a triable issue of fact as to whether the defendant was at fault in the happening of the accident (see Qureshi v Gleason, 231 AD3d 878). The plaintiff submitted, among other things, a transcript of the DMV hearing, at which a witness testified that he saw the defendant's white van cross the double-yellow line and strike the plaintiff's motorcycle, causing the plaintiff to lose control of the motorcycle.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint in Action No. 2.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court