Hossain v Hossain (2025 NY Slip Op 06606)

Hossain v Hossain

2025 NY Slip Op 06606

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04534
 (Index No. 710951/23)

[*1]Sheik Hossain, respondent, 
v
Ruth Teresa Hossain, appellant.

Ruth Teresa Hossain, Woodside, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the defendant appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered February 5, 2024. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for fraud and unjust enrichment and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for fraud and unjust enrichment, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
The defendant commenced an action for a divorce and ancillary relief against the plaintiff in 2007 (hereinafter the divorce action). In December 2007, the parties executed a stipulation of settlement whereby the plaintiff agreed, inter alia, to pay maintenance to the defendant in the sum of $3,000 per month. The parties' marriage was dissolved pursuant to a judgment of divorce issued in February 2008.
In December 2020, the defendant commenced a proceeding in the Family Court to enforce the judgment of divorce (hereinafter the enforcement proceeding). In an order dated November 17, 2021, the court, upon the plaintiff's failure to appear, found that he willfully failed to obey the maintenance provision of the judgment of divorce.
Thereafter, the defendant moved in the divorce action to hold the plaintiff in contempt for his failure to comply with the maintenance provision of the judgment of divorce. The plaintiff failed to oppose the motion. After an inquest, the Supreme Court held the plaintiff in civil contempt for failing to obey the maintenance provision of the judgment of divorce and provided him with an opportunity to purge his contempt. In an order of commitment dated December 9, 2022, after two court appearances at which the plaintiff appeared and was represented by counsel, the court determined that the plaintiff failed to purge his contempt and committed him to the custody of the New York City Department of Correction for a period of six months.
In May 2023, the plaintiff commenced this action against the defendant, alleging, [*2]among other things, that the defendant had defrauded the plaintiff and unjustly enriched herself by seeking to recover maintenance arrears due under the judgment of divorce. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff for his allegedly frivolous conduct in commencing this action. In an order entered February 5, 2024, the Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for fraud and unjust enrichment and granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the other causes of action. The court also denied that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff. The defendant appeals from so much of the order as denied those branches of her motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for fraud and unjust enrichment and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Domingo v Avis Budget Group, Inc., 219 AD3d 964, 965). "The doctrine of collateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Baldeo v HSBC Bank USA, NA, 229 AD3d 591, 593 [internal quotation marks omitted]; see Conason v Megan Holding, LLC, 25 NY3d 1, 17). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Moran v County of Suffolk, 189 AD3d 1219, 1221 [internal quotation marks omitted]; see Clifford v County of Rockland, 140 AD3d 1108, 1110).
Here, the defendant met her burden of demonstrating that the issues raised in the causes of action to recover damages for fraud and unjust enrichment are identical to issues decided against the plaintiff in the enforcement proceeding and the divorce action (see L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc., 230 AD3d 1309, 1312; Denisco v 405 Lexington Ave., LLC, 203 AD3d 1025, 1026; Jamal v Caroline Garden Tenants Corp., 173 AD3d 843, 844). Moreover, the plaintiff did not contend that he lacked a full and fair opportunity to litigate these issues. Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for fraud and unjust enrichment (see id. § 3211[a][5]).
"Pursuant to 22 NYCRR 130-1.1, a court, in its discretion, may impose sanctions against a party for frivolous conduct" (Finley v Finley, 233 AD3d 654, 655; see Weissman v Weissman, 116 AD3d 848, 849). "Conduct is frivolous if (1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Matter of Congregation Ahavas Moische, Inc. v Katzoff, 134 AD3d 934, 934; see 22 NYCRR 130-1.1[c]; Finley v Finley, 233 AD3d at 655). "Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed frivolous only where it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (U.S. Bank N.A. v Tait, 234 AD3d 889, 892 [internal quotation marks omitted]; see Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550). "A party seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1(c) has the burden of proof" (Matter of Lebron v Lebron, 101 AD3d 1009, 1010-1011; see Glaubach v Slifkin, 198 AD3d 621, 622). "The decision whether to impose costs or sanctions against a party for frivolous conduct . . . is generally entrusted to the court's sound discretion" (U.S. Bank N.A. v Jack, 219 AD3d 1369, 1372 [internal quotation marks omitted]).
Here, the defendant failed to establish that the complaint was frivolous within the meaning of 22 NYCRR 130-1.1(c) (see Stanecky v Stanecky, 200 AD3d 819, 819; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 800; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiff.
The parties' remaining contentions are academic in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court